## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

BELE ALEX,                                              )
                                                        )
      Plaintiff,                                    )
                                                        )
      v.                                            )
                                                        )
ATLANTIC RECOVERY SOLUTIONS, LLC,  )
                                                        )
      Defendant.                                    )

## PLAINTIFF'S COMPLAINT

Plaintiff, BELE ALEX ("Plaintiff"), through his attorneys, alleges the following against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.  Count II of Plaintiff's Complaint is based on the Maryland Consumer Protection Act, Md. Code, Com. Law tit. 13 ("MCPA").

3.  Count III of Plaintiff's Complaint is based on the Maryland Consumer Debt Collection Act, Md. Code, Com. Law tit. 14 ("MCDCA").

## JURISDICTION AND VENUE

4.  This court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k FDCPA.

1

5.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6.  Venue and personal jurisdiction in this district are proper because Defendant does or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7.  Plaintiff is a natural person residing in the City of Silver Spring, Montgomery County, State of Maryland.

8.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant is a New York limited liability company and national collection agency headquartered in the Hamlet of Getzville, Town of Amherst, Erie County, State of New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTS**

18. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly originating from an unpaid Snap Finance, LLC account.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Defendant places calls/sends text messages to Plaintiff, on Plaintiff's cellular telephone at 240-627-6787, in an attempt to collect on the alleged debt. (Exhibit A).

21. Defendant refers to its collection efforts on the alleged debt as "Case # 2212998".

22. Defendant calls and sends text messages to Plaintiff from several numbers, including 404-383-1368, which is one of Defendant's telephone numbers.

23. With regard to the above-referenced text messages:

   a. Defendant failed to disclose that the text messages are coming from Atlantic Recovery Solutions, LLC;

   b. Defendant  failed to disclose that the text messages were made in an attempt to collect a debt and that any information obtained would be used for that purpose;

   c. Defendant made veiled and vague threats of legal action; and

   d. Defendant provided 281-529-7332 as its callback number—which is one of Defendant's telephone numbers.

24. Plaintiff has spoken to Defendant's collectors on at least one occasion.

25. During the above-referenced collection call, Defendant's collector threatened to sue Plaintiff if Plaintiff did not immediately pay the alleged debt.

26. Plaintiff has not paid the alleged debt in full.

27. To date, Defendant has not sued Plaintiff.

28. Defendant has never intended to sue Plaintiff.

29. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

30. Defendant's actions were calculated to coerce Plaintiff into payment of the alleged debt.

31. The natural consequences of Defendant's actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's actions were to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed unlawful debt collection tactics to coerce Plaintiff into payment of the alleged debt;

   b. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's text messages failed to disclose that the text messages were from Atlantic Recovery Solutions, LLC;

4

c.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

d.  Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant made veiled, vague, and empty threats of legal action both in its calls to Plaintiff and in the text messages it sent to Plaintiff;

e.  Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made threats of legal action which it cannot legally take or did not intend to take both in its calls to Plaintiff and in the text messages it sent to Plaintiff;

f.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g.  Defendant further violated § 1692e(10) of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted by law to engage in unlawful collection tactics with impunity;

h.  Defendant violated § 1692e(11) of the FDCPA when Defendant sent Plaintiff text messages that did not state that the communications were an attempt to collect a debt and that any information obtained would be used for that purpose; and

  i. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

  WHEREFORE, Plaintiff, BELE ALEX, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

34. Actual damages, to be determine at trial, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

37. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE MARYLAND CONSUMER PROTECTION ACT**

38. Defendant's foregoing conduct violated the MCPA as it was engaging in unfair, abusive, or deceptive trade practices.

  WHEREFORE, Plaintiff, BELE ALEX, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

39. Actual damages pursuant § 13-408(a) of the MCPA to be determined at trial.

40. Costs and reasonable attorneys' fees pursuant to § 13-408(b) of the MCPA; and

41. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE MARYLAND CONSUMER
## DEBT COLLECTION ACT

42. Defendant's foregoing conduct violated the MCDCA as follows:

43. By engaging in any conduct that violates §§ 804 through 812 of the federal Fair Debt
Collection Practices Act in violation of § 14-202(11) of the MCDCA

WHEREFORE, Plaintiff, BELE ALEX, respectfully requests judgment be entered against

Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

44. Actual damages pursuant § 14-203 of the MCDCA to be determined at trial; and

45. Any other relief that this Honorable Court deems appropriate.

DATED: November 2, 2021

By: /s/ Michael A. Siddons
Michael A. Siddons
Maryland Attorney #1402200002
The Law Offices of Michael Alan Siddons Esquire
230 North Monroe Street, Suite A
Media, PA 19063
Tel: 610-255-7500
Fax: 610-514-5904
msiddons@siddonslaw.com
Attorney for Plaintiff

7

# <u>EXHIBIT A</u>



4:18

+1 (404) 383-1368

Text Message
Friday 2:48 PM

This text is from ARS. Bele Alex we have time sensitive documentation under your Name & SSN# that we have been attempting to locate, and speak with you on behalf of. Can you please call 281-529-7321 to discuss your paperwork received, and refer to Case # 2212998.

Today 3:54 PM

This text is from ARS. Bele Alex we have a legally required notice we sent via mail. We have your SSN and NAME attached to documentation that requires your immediate attention. Any questions or concerns please call (281) 529-7332 to discuss your paperwork received, and refer to Case # 2212998.



Text Message